**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JOSE PEREZ-ZAVALA,                             )
                                               )
    Petitioner,                             )
                                               )
v.                                             )
                                               )
SAMUEL OLSON, Field Office Director for        )    No. 2:26-cv-02373-SHL-atc
Detention and Removal, U.S. Immigration        )
and Customs Enforcement, and TRINITY           )
MINTER, Warden, Western Tennessee              )
Detention Facility,                            )
                                               )
    Respondents.                            )
                                               )

**ORDER REQUIRING SERVICE AND SUPPLEMENTAL FACTS AND STAYING
TRANSFER**

On April 3, 2026, Petitioner Jose Perez-Zavala filed the Petition for Writ of Habeas Corpus, seeking release from detention under 28 U.S.C. § 2241. (ECF No. 1). Perez-Zavala challenges his continued detention by Respondents in the West Tennessee Detention Facility without a bond hearing as violative of his Fifth Amendment due process rights. (ECF No. 1 at PageID 6.) He seeks a bond hearing, release without conditions or with parole, and reasonable costs and attorney's fees. (Id.)

In support of the Petition, Perez-Zavala asserts that he was issued a Notice to Appear by Respondents to appear at the West Tennessee Detention Facility, and has been denied a bond determination by the immigration court. (Id. at PageID 5.) He also alleges that he lacks a criminal history, was arrested without a warrant, and that his detention is depriving "his family of his companionship and income." (Id.) A habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; see also

Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—apply equally to § 2241 habeas petitions such as this. Malih v. Ladwig, No. 26-CV-2150, 2026 WL 417403, at *1 (W.D. Tenn. Feb. 13, 2026).

Perez-Zavala admits that he entered the United States without inspection. To show that he is entitled to relief, Perez-Zavala must allege background facts relevant to the statute under which he is detained and explain how Respondents' detention of him violates his due process rights. After reviewing the Petition, it is **ORDERED** as follows:

(1)    Within **five days** of this Order, Perez-Zavala shall **SUPPLEMENT** the Petition and provide a factual basis as to why he is entitled to a bond hearing or release.

(2)    Also within **five days** of this Order, Perez-Zavala shall serve one copy each of the Petition, his supplemental filing, and this Order (ECF No. 6) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, Perez-Zavala shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address:

**stuart.canale@usdoj.gov**. Failure to fully comply with these service requirements may justify dismissal of the Petition. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against

2

it.").

(3)    Within **five days** after Perez-Zavala fully complies with the above requirements, Respondents shall respond to the Petition in writing.

(4)    Perez-Zavala may file a reply within **two days** after Respondents' responsive filing.

(5)    Respondents shall not transfer Perez-Zavala out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 10th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3